OPINION OF THE JUSTICES OF THE SUPREME COURT IN
RESPONSE TO A QUESTION PROPOUNDED BY THE
GOVERNOR OF DELAWARE.

(*April* 17, 1963)

To His Excellency Elbert N. Carvel, Governor of Delaware:

Reference is made to your letter dated March 21, 1963, addressed to the Chief Justice requesting, in accordance with 29 *Del. C.* § 2102, the opinion of the members of the Supreme Court upon the validity of certain legislation providing for the continuity of state and local government in periods of emergency caused by enemy attack (53 Laws, Chs. 137, 140 and 149) under the provisions of Article XVII of the State Constitution (53 Laws, Ch. 304), an amendment to the Constitution effective April 26, 1961. The precise nature of the question asked will more fully appear hereafter.

Article XVII provides that the General Assembly in order "to insure continuity of State and local governmental operations in periods of emergency resulting from disasters caused by enemy attack" shall provide for prompt and temporary succession to public offices "whose succession is not otherwise provided for in this Constitution." You have asked us specifically for an opinion as to the meaning of this limitation on the power to provide for temporary succession to public office.

Pursuant to Article XVII, the General Assembly enacted three statutes designed to provide for the continuity

of state and local government in the event of such a period of emergency. These acts are found in 53 Laws, Ch. 137, 140 and 149. We will consider each of these acts *seriatim*.

Chapter 137 (29 *Del. C.* §§ 7701-7703, 7721-7723) by reason of § 7701, authorizes the Governor, by proclamation, whenever an emergency arises by reason of enemy attack making it undersirable or impossible to conduct the affairs of the state government in Dover, to declare an emergency temporary location or locations for the seat of government, as he shall deem advisable. It is then provided that the location so designated shall remain the seat of government until the General Assembly establishes a new location, or the Governor declares the emergency is ended. It is further provided that all official acts of government performed at such temporary seat of government shall be valid and binding. By reason of § 7721, somewhat similar provisions are provided with respect to the governing bodies of each political subdivision of the State.

We have carefully considered the provisions of Chapter 137 and are of the opinion that its enactment is constitutionally valid under the authority conferred upon the General Assembly by Article XVII "to adopt such other measures as may be necessary and proper for insuring the continuity of governmental operations." We think it entirely reasonable on the part of the General Assembly to provide for the designation of ane mergency and temporary seat of government, both for the state and local government.

Chapter 140 (29 *Del. C.* §§ 1701-1716) is an act providing for the emergency interim succession for members of the General Assembly who, as the result of an emergency resulting from enemy attack, may be unavailable to discharge their duties. § 1704 directs each member of the General Assembly to designate not less than three nor more than seven emergency successors, and to specify the

order of their succession. § 1706 provides, if any member fails to comply with § 1704 in this respect, that certain officers of the two houses shall make such designation. The various other sections of the act provide for the convening, assembling, conduct of business, etc., of the temporary emergency General Assembly.

We understand that with respect to Chapter 140 the precise question is whether the clause of Article XVII authorizing the General Assembly to provide for the temporary succession to public offices "whose succession is not otherwise provided for in this Constitution" prohibits the scheme of temporary succession to the office of Representative or Senator in view of the fact that Article II, Section 6 of the Constitution provides, in case of a vacancy in any such office, for the issuance of writs of election to fill such vacancy.

We are of the opinion that the enactment of Chapter 140 is a constitutional exercise by the General Assembly of authority conferred upon it by Article XVII. This article requires the General Assembly to provide for the continuity of state and local government during a period of emergency resulting from enemy attack, which presumably might well result in a complete disorganization of government. The General Assembly is directed to exercise its authority in conformity with the Constitution as far as practicable. The only definite limitation on its authority in this respect, however, is that it may provide for the temporary succession only to those public offices "whose succession is not otherwise provided for" in the Constitution.

What is the effect and extent of this limitation? Its extent depends upon the meaning of the word "succession". This word is defined generally as "the order in which or the conditions under which one person after another succeeds to a property, dignity, title, or throne; the right of a

person or line to succeed; the act or process of following in order of time or place a repeated following of one by another." Webster's New International Dictionary (3rd Ed.). The law, generally speaking, defines the word similarly. Thus, it commonly connotes the descent of property under the law of descent and distribution. *State ex rel. Walker v. Payne,* 129 Mo. 468, 31 S.W. 797. It imports the devolution of property to another by operation of law. Claim of Turano, 260 App.Div. 971, 23 N.Y.S.2d 213, 214. It seems clear that in law the words "successor" or "succession" import a devolution of property by statutory succession, or in other words by operation of law. *George & Lynch v. Unemployment Compensation Commission,* 3 Terry 558, 41 A.2d 465.

■■ We think, therefore, the limitation upon the power of the General Assembly conferred by Article XVII to provide for the temporary succession to public office is applicable only to those offices, the succession to which, by reason of some constitutional provision, takes effect immediately by operation of law. Since vacancies in the Senate and House under Article II, Section 6 are to be filled by the issuance of writs of election, which require an affirmative act on the part of a public official, it follows that the Constitution does not provide for the immediate filling of such a vacancy by operation of law. Succession to such an office, in its true sense, therefore, is not provided for by the Constitution, and the General Assembly is free under Article XVII to provide for the temporary succession to such offices.

■■ Chapter 149 (10 *Del. C.* §§ 1801-1808) provides for the temporary succession, in the event of an emergency created by enemy attack, to various judicial offices of the State. Under Article IV, Section 3, any vacancy in a judicial post is to be filled for the full term by appointment by the Governor and confirmation by the Senate. It is thus apparent that the Constitution does not provide for

"succession" to the various judicial offices. This being so, it is entirely within the General Assembly's authority, conferred by Article XVII, to provide for the temporary succession to such offices.

In closing, we point out that only with respect to the office of Governor does the Constitution provide for succession to office by operation of law. Article II, § 20, provides that in case of a vacancy in the office of Governor, the same shall devolve upon the Lieutenant Governor, the Secretary of State, the Attorney General, the President pro tempore of the Senate, or the Speaker of the House, in the order named. With respect to the office of Governor, therefore, we are of the opinion that the General Assembly may not provide for the temporary succession to that office. With respect, however, to all other State offices, the General Assembly may so provide, since the Constitution does not provide for "succession" to any of those offices.

Respectfully submitted,

s/ CLARENCE A. SOUTHERLAND
Chief Justice

s/ DANIEL F. WOLCOTT
Associate Justice

s/ CHARLES L. TERRY, Jr.
Associate Justice